# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　　Plaintiff,<br><br>v.<br><br>MICHELE NICKELS,<br><br>　　　　　　　　Defendant. | Case No. 22-CR-270-JPS<br><br>**ORDER** |

### 1.　　INTRODUCTION

In April 2023, the United States Sentencing Commission ("the Commission") proposed to Congress an amendment to the United States Sentencing Guidelines (the "Guidelines"), known as "Amendment 821" or the "2023 Criminal History Amendment." *Materials Relating to the 2023 Criminal History Amendment*, U.S. SENT'G COMM'N, https://www.ussc.gov/policymaking/materials-relating-2023-criminal-history-amendment [https://perma.cc/T954-GQFK] (last visited Apr. 16, 2024). Amendment 821 allows for a two-level decrease in a defendant's offense level if the defendant has no criminal history points and their offense of conviction did not involve any of the nine specified aggravating factors (the "Zero-Point Offender Amendment"). U.S.S.G. § 4C1.1(a). In August 2023, the Commission voted to give retroactive effect to this portion of Amendment 821. *Retroactivity Amendment ("Reader-Friendly" version)*, U.S. SENT'G COMM'N (Aug. 31, 2023), *available at* https://www.ussc.gov/sites/default/files/pdf/amendment-process/reader-friendly-amendments/202308_RF-retro.pdf [https://perma.cc/P2B4-8FUA]

(last visited Apr. 16, 2024). Amendment 821 took effect on November 1, 2023. *Id.*

In December 2023, the United States Probation Office for the Eastern District of Wisconsin ("Probation") filed a memorandum in this case noting that the Court "could consider" reducing Defendant Michele Nickels's ("Defendant") term of imprisonment based on this retroactive provision of Amendment 821. ECF No. 19. For the reasons stated below, the Court will consider but ultimately reject the invitation to reduce Defendant's term of imprisonment pursuant to Amendment 821.

**2.  BACKGROUND**

Defendant pleaded guilty to, and was formally adjudicated guilty of, a single count of unauthorized distribution of a Schedule II controlled substance, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C). ECF Nos. 2, 9. In May 2023, Defendant appeared before the Court for sentencing. ECF No. 14. For sentencing purposes, Probation calculated the applicable Guidelines as follows:

> Total Offense Level: 23
> Criminal History Category: I
> 46 to 57 months of imprisonment

*Id.* at 1. Defendant was ultimately sentenced to a term of twelve months and one day of imprisonment to be followed by a two-year term of supervised release. *Id.* at 2; ECF No. 15 (judgment).

Defendant is currently participating in a re-entry program and is scheduled to be released from custody and into her term of supervised release in April 2024. *See Inmate Locator*, Fed. Bureau of Prisons, https://www.bop.gov/inmateloc/ (last visited Apr. 16, 2024).

3.  **LEGAL STANDARD**

The Court may modify a term of imprisonment "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the . . . Commission pursuant to 28 U.S.C. [§] 994(o)." 18 U.S.C. § 3582(c)(2).[1] "[U]pon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." *Id.*

In the case of Amendment 821, the relevant policy statement is Guideline § 1B1.10. That Guideline provides that "[a] reduction in the defendant's term of imprisonment is not consistent with this policy statement and therefore is not authorized under 18 U.S.C. § 3582(c)(2) if . . . [the] amendment . . . does not have the effect of lowering the defendant's applicable guideline range." U.S.S.G. § 1B1.10(a)(2)(B). Additionally, "the court shall not reduce the defendant's term of imprisonment . . . to a term that is less than the minimum of the amended guideline range" determined after application of any relevant amendment(s). U.S.S.G. § 1B1.10(b)(2)(A).

4.  **ANALYSIS**

Defendant falls within the group of offenders who are eligible to be considered for a reduced term of imprisonment under the Zero-Point Offender Amendment. As noted above, the Zero-Point Offender Amendment permits a two-level decrease in a defendant's offense level if

---

[1] Section 994(o) provides that the Commission may "review and revise" the Guidelines. 28 U.S.C. § 994(o).

the defendant has no criminal history points and their offense of conviction did not involve any of the enumerated aggravating factors. U.S.S.G. § 4C1.1(a). In its memorandum, Probation states that Defendant "appear[ed] eligible for a two-level reduction to her total offense level as a zero-point offender, pursuant to USSG § 4C1.1." ECF No. 19. at 1. Probation has verified, in direct communication with the Court, that it believes that Defendant satisfies all criteria in § 4C1.1. The Court has no independent basis to question this finding. Defendant's lack of criminal history points and aggravating factors make her eligible for a two-point reduction in her offense level, from 23 (as it was originally calculated) to 21. *Id.*

Probation further states that this reduction in offense level, in combination with Defendant's criminal history category, would yield an updated Guidelines range for her term of imprisonment, of 37 to 46 months. *Id.* Again, the Court sees no independent basis to question Probation's calculation of the amended Guidelines metric.

Nevertheless, the Court may not further reduce Defendant's sentence under Amendment 821 because the sentence that the Court originally imposed falls below both the original and the amended Guidelines ranges. Her sentence therefore "cannot be further reduced under U.S.S.G. § 1B1.10(b)(2)(A)." *United States v. Francis Burns*, Case No. 19-CR-245-LA, ECF No. 93 at 6 (E.D. Wis. Nov. 3, 2023); *see also* U.S.S.G. § 1B1.10 app. note 3 (noting that "[i]f the term of imprisonment [originally] imposed was outside the guideline range applicable to the defendant at the time of sentencing, the limitation in subsection (b)(2)(A) also applies[,]" subject to limited exceptions not applicable in the instant case, and providing that when the sentencing court's original sentence "constitut[es] a downward departure or variance," the court may in no event reduce that

sentence lower than the low end of any amended guidelines range). Accordingly, the Court will decline to reduce Defendant's sentence under Amendment 821 and need not analyze whether the factors in 18 U.S.C. § 3553(a) warrant such a reduction.

5.  **CONCLUSION**

The Court thanks Probation for its preparation of the memorandum regarding the interplay between Defendant's offense and sentence and Amendment 821. However, for the reasons stated above, the Court declines to reduce Defendant's sentence under Amendment 821.

Accordingly,

**IT IS ORDERED** that the Court **DECLINES** to reduce Defendant Michele Nickels's term of imprisonment pursuant to the 2023 Amendments to the United States Sentencing Guidelines.

Dated at Milwaukee, Wisconsin, this 16th day of April, 2024.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge